**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SEDRIC PHILLIPS,

        Petitioner,                                         Case Number: 24-12563

v.

                                                                   Hon. Mark A. Goldsmith

BRYAN MORRISON,

        Respondent.
_____/

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Sedric Phillips, a prisoner in the custody of the Michigan Department of Corrections, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons explained below, the Court dismisses the petition and denies a certificate of appealability. The Court denies Phillips leave to proceed in forma pauperis on appeal.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4, Rules Governing § 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id.; Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

## I. BACKGROUND

In 2020, Phillips pleaded guilty in Oakland County Circuit Court to first-degree home invasion and two counts of first-degree criminal sexual conduct. See People v. Phillips, No. 19-271954 (Oakland Cty. Cir. Ct.). He was sentenced to 95 months to 11 years for the home invasion conviction and 17 to 60 years for each criminal sexual conduct conviction. See id.

Phillips seeks habeas relief on these grounds: (1) the trial court violated the Eighth Amendment by setting excessive pre-trial bail of $250,000, and (2) his 16-month pre-trial incarceration violated the Thirteenth Amendment's prohibition against slavery and the Eighth Amendment's ban on cruel and unusual punishment. Petition (Dkt. 1).

## II. ANALYSIS

Phillips' claims concern his pre-trial incarceration. He is now a convicted prisoner and may not obtain relief for the fact or conditions of his pretrial confinement. His conviction, therefore, renders his claims moot. See United States v. Manthey, 92 F. App'x 291, 297 (6th Cir. 2004) (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982)); see also Williams v. Slater, 317 F. App'x 723, 724-25, No. 08-4047, 2008 WL 2470914, at *1 (10th Cir. June 20, 2008) (§ 2241 challenge to pretrial detention became moot after petitioner pled guilty and was sentenced); Contreras v. Bouchard, No. 23-cv-10703, 2023 WL 7924708, at *2 (E.D. Mich. Nov. 16, 2023) (same) (collecting cases).

To the extent that Phillips challenges his current, rather than pretrial, detention, his claims are not properly raised in a § 2241 petition. A convicted state prisoner may not challenge his convictions under § 2241 and, instead, must proceed under 28 U.S.C. § 2254. Winburn v. Nagy, 956 F.3d 909, 911 (6th Cir. 2020). The Court may not recharacterize a pleading as a petition under 28 U.S.C. § 2254 without first providing notice to the petitioner and giving the petitioner the option

to withdraw the petition. Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (citing Castro v. United States, 540 U.S. 375, 382-83 (2003)). The Court declines to do so in this case because Phillips does not appear to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1). Phillips claims to have filed an appeal in the Michigan Court of Appeals and Michigan Supreme Court. Petition at PageID.2–3. (Dkt. 1). But the letters attached to the petition show that the Michigan Court of Appeals returned Phillips' pleading without filing because it was not filed in accordance with court rules. See 8/15/2024 Letter from Michigan Court of Appeals District Clerk Gary L. Chambon, Jr., PageID.10. Likewise, the Michigan Supreme Court returned Phillips' letter seeking to appeal his convictions without filing because it was not properly before the Court. Petition at PageID.12. Additionally, a search of the public docketing database for the Michigan Court of Appeals and Michigan Supreme Court shows that Phillips has not properly filed an appeal in either court.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, in order to be entitled to a certificate of appealability, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the correctness of the Court's procedural ruling. The Court therefore denies Phillips a certificate of appealability.

3

## IV. CONCLUSION

For the reasons set forth above, the Court dismisses the petition for writ of habeas corpus and declines to issue a certificate of appealability.

The Court denies Petitioner leave to proceed in forma pauperis on appeal because an appeal could not be taken in good faith. See Fed. R. App. P. 24(a).

**SO ORDERED.**

Dated: June 10, 2025  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2025.

 s/Joseph Heacox
 Joseph Heacox
 Case Manager